Clinton JACKSON, Appellant,

v.

John L. SULLIVAN, Commissioner, Walter Redman, Warden DCC, Lt. John Hollingsworth.

No. 83–1202.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Nov. 3, 1983.

Decided Nov. 15, 1983.

Clinton Jackson, pro se.

John A. Parkins, Jr., Chief of Appeals Div., Dept. of Justice, Wilmington, Del., for appellees.

Before ADAMS, WEIS and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT
PER CURIAM.

The question before us in this appeal is what liberty and due process rights are created for prison inmates in Delaware by the unilateral adoption of administrative regulations by the Delaware Department of Corrections.

Clinton Jackson, an inmate at the Correctional Center at Smyrna, Delaware, brings this action pro se to challenge disciplinary measures taken against him allegedly in violation of section 1102, subsection 28 of the Department of Corrections Administrative Regulations. This subsection provides for discipline to be ordered for an inmate only by a three-person hearing board. Jackson charges that a disciplinary measure, seven days in an isolation cell, was imposed on him by a one-person hearing board. As a result of this alleged deprivation of constitutional rights, Jackson seeks injunctive and declaratory relief, $40 per day damages for his week in solitary confinement, punitive damages and an attorney's fee.

This case was first heard before a United States Magistrate who recommended that the district court conclude that no cause of action was stated by the complaint. *Jackson v. Sullivan,* No. 83–46 (D.Del., Feb. 9, 1983). This recommendation was put in effect by a final order of the district court on February 28, 1983.

Neither the magistrate nor the district court had the benefit of the Supreme Court's ruling in *Hewitt v. Helms,* —— U.S. ——, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) nor this Court's rulings in *Drayton v. Robinson,* 719 F.2d 1214 (3d Cir.1983) and *Strathie v. Department of Transportation,* 716 F.2d 227 (3d Cir.1983), including footnote 2. Since these opinions bear directly on Jackson's claim, this case will be re-

manded to the district court for reevaluation of the constitutional issues raised by the complaint.[1]

1. Because of the complexity of the liberty and due process claims raised by the complaint, the district court on remand may wish to appoint counsel to represent Jackson.